Filed 3/27/14

# CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>

**THE PEOPLE,**

    **Plaintiff and Respondent,**

        v.

**ANTHONY BREWER,**

    **Defendant and Appellant.**

</td><td>

A135616


(Contra Costa County
Super. Ct. No. 05-110750-7)

</td></tr>
</table>

Appellant Anthony Brewer was convicted, after a jury trial, of first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a); count one); assault with intent to commit forcible sodomy, sexual penetration, and/or oral copulation during the course of a burglary (*id.*, § 220, subd. (b); count two); and false imprisonment by means of violence, menace, fraud, or deceit (*id.*, §§ 236, 237, subd. (a); count three).[1]  He argues on appeal his conviction on count two lacks substantial evidence; he also asserts certain errors in his sentence.

In the published portion of this opinion, we address the following issue: Where a defendant has served a prison term for a felony conviction and that term is alleged and proved as an enhancement under section 667.5, subdivisions (a) and (b) (hereafter sections 667.5(a) and 667.5(b)), after imposing the former, should the trial court stay the latter or strike it?  We conclude the court must stay the section 667.5(b) enhancement and

---

[*]  Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I., III., and IV.

[1]  All undesignated section references are to the Penal Code.

affirm the decision to do so by the trial court, though we rely on different reasoning. In the unpublished portion of the opinion, we reject appellant's other contentions, save for correcting one minor sentencing error and, as so modified, affirm.

BACKGROUND

A. *Charged Offenses*

The counts arose from an incident on February 20, 2011. The victim, John Doe, was casually acquainted with appellant through a former college classmate of Doe's. The relationship between Doe and appellant had never been romantic or sexual.[2] At the time of the incident, Doe had neither seen nor had phone contact with appellant in seven months.

In the early morning hours on the date in question, Doe was in bed watching television. Appellant broke into Doe's house through the back door, entered Doe's bedroom, closed the door, and began to remove his own clothes. Doe asked appellant to leave, but appellant continued removing his clothes. Doe tried to push appellant out of the room but appellant, stronger and bigger than Doe, pushed Doe back onto the bed. Appellant finished removing his clothes and climbed on top of Doe. Doe told appellant to get off of him and to get out; appellant told Doe, "I have to do this," "I'm going to get you tonight," and "Don't move." Doe was able to push appellant off of him, but appellant kept trying to climb back on top of Doe and to kiss him, touch him, and put his hand under Doe's shorts.

Appellant smelled of alcohol and eventually started to pass out on Doe's bed. Doe did not leave the room because appellant kept waking up. Eventually, Doe was able to text a friend who called the police. Shortly thereafter, Doe escaped. The police encountered appellant as he was leaving Doe's bedroom.

---

[2]  Appellant's trial testimony conflicted with Doe's in some respects. However, when reviewing for substantial evidence, we " ' "review the whole record in the light most favorable to the judgment below." ' " (*People v. Maury* (2003) 30 Cal.4th 342, 396 (*Maury*).) Our recitation of the facts reflects this standard of review.

2

In appellant's testimony at trial, he admitted entering Doe's bedroom, removing his clothes, and trying to kiss Doe. However, he claimed he wanted only a consensual encounter with Doe.

B. *Prior Incident*

S.Y. testified to an incident taking place in January 1989, when she was 15 years old. About 4:00 a.m., she was alone in a bedroom of her house. Appellant, whom she did not know and who had broken into her house through a window, entered the bedroom, naked and carrying a kitchen knife. Appellant told her he was not there to hurt her, but told her multiple times to remove her clothes. Her little brother knocked on the bedroom door and appellant told her, "If you don't want your brother hurt, you better tell him to get away." S.Y. told her brother to leave. Appellant told her again he was not there to hurt her and gave her the knife. He then tried to retrieve the knife and they wrestled. S.Y. broke free, left the bedroom, and woke her mother. Appellant ran out of the house and the police apprehended him shortly thereafter.

In appellant's testimony about the 1989 incident, he admitted having the intent to rape S.Y.

DISCUSSION

I. *Substantial Evidence Supports the Conviction on Count Two*\*

Appellant contends the evidence showed only an intent to sexually batter Doe, but did not show an intent to commit sodomy, sexual penetration, or oral copulation.

"In reviewing a criminal conviction challenged as lacking evidentiary support, ' "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence — that is, evidence which is reasonable, credible, and of solid value — such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' [Citation.] The same standard of review applies to cases in which the prosecution relies mainly on circumstantial evidence [citation] . . . . An appellate court must accept logical inferences that the jury might have

---

\* See footnote, *ante*, page 1.

3

drawn from the circumstantial evidence. [Citation.]" (*Maury, supra,* 30 Cal.4th at p. 396.)

Section 220 penalizes "[a]ny person who, in the commission of a burglary of the first degree . . . assaults another with intent to commit rape, sodomy, oral copulation, or . . . [forcible sexual penetration]." (§§ 220, subd. (b), 289.) " ' "The essential element of [assault with intent to commit rape] is the intent to commit the act against the will of the complainant. The offense is complete if at any moment during the assault the accused intends to use whatever force may be required." ' [Citation] ' "[I]f there is evidence of the former intent and acts attendant to the execution of that intent, the abandonment of that intent before consummation of the act will not erase the felonious nature of the assault." ' [Citation.]" (*Maury, supra,* 30 Cal.4th at pp. 399-400.)

Appellant relies on three cases, one finding no evidence of intent to rape and two finding such evidence; he argues his case is closer to the former than the latter. In *People v. Greene* (1973) 34 Cal.App.3d 622 (*Greene*), the defendant approached the victim and put his arm around her waist, telling her, " 'Don't be afraid. I have a gun. Don't move,' " and " 'I just want to play with you.' " (*Id.* at p. 650.) He moved his hand up and down her waistline but did not try to remove her clothes; he also remained fully dressed. (*Ibid.*) After a few minutes the victim pulled away and escaped. (*Ibid.*) The court found this evidence did not support a finding the defendant had an intent to rape the victim. (*Id.* at p. 653.)

In *People v. Bradley* (1993) 15 Cal.App.4th 1144 (*Bradley*), disapproved on other grounds in *People v. Rayford* (1994) 9 Cal.4th 1, 21-22, the defendant took the victim's arm and forcibly led her to a secluded area; kissed her neck; and put his hand under her shirt and shorts, touching her breasts and near her genitals. (*Bradley*, at p. 1155.) The defendant's companion said he would not mind "getting a piece of that," and the defendant replied, " 'Don't worry, I will.' " (*Ibid.*) When car headlights shone nearby, the victim kicked the defendant in the shin and he fled. (*Id.* at p. 1150.) The court found "ample" evidence supporting the finding the defendant intended to rape the victim. (*Id.* at p. 1155.)

4

Finally, in *People v. Craig* (1994) 25 Cal.App.4th 1593 (*Craig*), the defendant confronted the victim as she got out of her car, grabbed her hair, pushed her back into the driver's seat, put his hand under her shirt, and touched her breasts. (*Id.* at p. 1596.) At that point someone was alerted to the struggle and pulled the defendant off the victim. (*Ibid.*) In a prior "similar" incident, the defendant told another victim, " 'come with me now, or I'll do it here, now' " and " 'I want you now,' " and put his hand up the victim's skirt. (*Id.* at p. 1600.) The court compared the case to *Greene* and *Bradley* and concluded it was closer to *Bradley*: in both *Craig* and *Bradley*, the defendants made statements indicating a desire for intercourse; the defendants' physical acts suggested they were preliminary to intercourse; and the incidents only ended because of an intervening force. (*Craig*, at pp. 1599-1600.) The court concluded, while other reasonable inferences might be drawn from the evidence, the jury's inference that the defendant intended to commit rape was reasonable. (*Id.* at p. 1604.)

Contrary to appellant's contention, this case aligns with *Bradley* and *Craig*, not with *Greene*. Appellant told Doe, "I have to do this," "I'm going to get you tonight," and "Don't move" — words consistent with an intent to commit sodomy, sexual penetration, or oral copulation. Appellant removed all of his clothes, pushed Doe onto the bed, climbed on top of Doe, kissed and touched him, and put his hand under Doe's shorts — physical acts consistent with such an intent. Appellant was apparently only deterred from continuing this conduct because he passed out from alcohol consumption.

Moreover, in the 1989 incident, appellant, naked and carrying a knife, told S.Y. to remove her clothes; at trial, he admitted he intended to rape her. "We have long recognized 'that if a person acts similarly in similar situations, he probably harbors the same intent in each instance' [citations], and that such prior conduct may be relevant circumstantial evidence of the actor's most recent intent." (*People v. Robbins* (1988) 45 Cal.3d 867, 879; see also Evid. Code, § 1101, subd. (b).) In addition, "jurors may 'infer the defendant has a disposition to commit sex crimes from evidence the defendant has committed other sex offenses,' and . . . 'may . . . infer from this predisposition that the

defendant was likely to commit and did commit the charged offense.' [Citation.]"
(*People v. Villatoro* (2012) 54 Cal.4th 1152, 1166-1167; see also Evid. Code, § 1108.)[3]

Substantial evidence supports the jury's verdict on count two.

II. *Sentencing on Section 667.5(b) Enhancements*

The information alleged two enhancements pursuant to section 667.5(a) based on prior prison terms imposed after violent felony convictions in 1989 and 2002, respectively. Section 667.5(a) authorizes a three-year enhancement "for each prior separate" term of imprisonment served, if one of the current offenses *and* an offense for which that prior separate term of imprisonment was served are enumerated violent felonies, unless a certain "washout" period applies.[4] The information also alleged two enhancements pursuant to section 667.5(b) based on prior prison terms imposed after the 1989 and 2002 felony convictions. Section 667.5(b) similarly authorizes, "[e]xcept where subdivision (a) applies," a one-year enhancement "for each prior separate" term of imprisonment served, if one of the current offenses and an offense for which that prior separate term of imprisonment was served are felonies.[5] One of these felonies may but need not be a violent felony covered by section 667.5(a).

---

[3] Appellant does not challenge the trial court's ruling that evidence of the 1989 incident was admissible for these purposes.

[4] Section 667.5(a) provides: "Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition to and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior offense was one of the violent felonies specified in subdivision (c). However, no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[5] Section 667.5(b) provides: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail

All four section 667.5 enhancement allegations were found true. The trial court imposed sentence on the two section 667.5(a) enhancements and stayed sentence on the two section 667.5(b) enhancements pursuant to section 654. Initially, appellant argued on appeal the section 667.5(b) enhancements should have been stricken because the trial court had no authority to stay them under section 654, and the People conceded the section 667.5(b) enhancements should be stricken. Because we were hesitant to accept the concession, we ordered supplemental briefing. In that briefing, both appellant and the People concluded the trial court's decision to stay the enhancements should be affirmed. We agree with this conclusion.

It is clear that the section 667.5(b) enhancements in this case are prohibited by law. First, these enhancements were imposed for the same prison terms that served as the basis for the enhancements alleged under section 667.5(a). Section 667.5, subdivision (g), "indicates after a defendant is committed to state prison, additional concurrent or consecutive sentences imposed in the same or subsequent proceedings are deemed to be part of the same prison term. [Citations.] Generally, the number of separate prison terms available for enhancement is determined by identifying the 'continuous completed' terms of prison incarceration served. [Citations.] For example, multiple prior convictions served concurrently constitute one separate prison term for which only one sentence enhancement can be imposed. [Citations.]" (*People v. Cardenas* (1987) 192 Cal.App.3d 51, 56.) Here, the two section 667.5(a) enhancements were based on prison terms served after convictions on May 15, 1989, and June 17, 2002, respectively. The two section 667.5(b) enhancements were based on prison terms served after convictions on the same

_____

term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended. A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

dates.  The conviction records show only two continuous prison terms imposed in 1989 and 2002, respectively.

Second, under the express language of section 667.5(b), because the trial court imposed sentence for the section 667.5(a) enhancements based on these prison terms, sentence for the section 667.5(b) enhancements based on the same prison terms was not allowed.  (§ 667.5(b) [enhancement pursuant to subd. (b) authorized "[e]xcept where subdivison (a) applies"].)

The trial court erroneously stayed the section 667.5(b) enhancements pursuant to section 654 because section 654 does not apply to prior prison term enhancements that focus on a defendant's status as a repeat offender rather than on the acts underlying the convictions.  (*People v. Coronado* (1995) 12 Cal.4th 145, 157-158.)  Further, "[t]he trial court has no authority to stay an enhancement, rather than strike it . . . when the only basis for doing either is its own discretionary sense of justice.  [Citations.]" (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364 (*Lopez*).)  However, California Rules of Court, rule 4.447 (rule 4.447) expressly authorizes a stay of an enhancement when "an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition.  In that situation — and that situation only — the trial court can and should stay the enhancement." (*Lopez, supra,* at p. 365.)[6]  "This rule is intended 'to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence.  [Citation.]' [Citation.]" (*Id.* at p. 364.)  As the section 667.5(b) enhancements were precluded by statute, rule 4.447 authorizes the trial court's stay.  This approach serves the purpose of rule 4.447 by

---

[6]  Rule 4.447 provides: "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements.  The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit.  The stay will become permanent on the defendant's service of the portion of the sentence not stayed."

8

allowing for the imposition of the stayed sentence if, for example, the qualifying section 667.5(a) felonies are reversed on appeal. (*Lopez, supra,* at p. 365 ["it is the possibility that the actual sentence may be invalidated that requires the trial court to stay, rather than dismiss, the prohibited portion of the sentence"]; *People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9; Couzens, Bigelow & Prickett, *Sentencing California Crimes* (The Rutter Group 2013) § 12:5, pp. 12-17 to 12-18 ["If a defendant is found to have both a prior prison term under section 667.5(b) and a prior serious felony enhancement under section 667(a) for the *same offense*, . . . likely the better practice is to impose, then stay, any lesser enhancement"].)

    *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*) is instructive. In *Gonzalez,* the defendant was convicted of attempted premeditated murder (§§ 187, 664), and the jury found true the firearm enhancement in section 12022.5, former subdivision (a)(1)[7] and the firearm enhancements of subdivisions (b), (c), and (d) of section 12022.53.[8]

---

[7]   Section 12022.5, former subdivision (a)(1) provided: "Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of the offense of which he or she was convicted." (Stats. 1999, ch. 129, § 5, p. 1803.)

[8]   Subdivisions (b), (c), and (d) of section 12022.53 provide:

   "(b) Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), personally uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years. The firearm need not be operable or loaded for this enhancement to apply.

   "(c) Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), personally and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years.

   "(d) Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), Section 246, or subdivision (c) or (d) of Section 26100, personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to any person other than an

9

(*Gonzalez, supra,* at p. 1123.)  The statutory scheme regulating firearm enhancements, like section 667.5, anticipates that multiple enhancements may be found true in circumstances where only one may be imposed.  Section 12022.53, subdivision (f) provides, in part, that "[o]nly one additional term of imprisonment under this section shall be imposed per person for each crime.  If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment.  An enhancement involving a firearm specified in Section . . . 12022.5 . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to this section."

*Gonzalez* resolved a conflict in the appellate courts on an issue analogous to the one we face: after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, should the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime be stayed or stricken?  (*Gonzalez, supra,* 43 Cal.4th at p. 1122.)  The court concluded the trial court should not strike these enhancements, but, instead, should impose a sentence and then stay it.  (*Id.* at pp. 1122-1123.)  This interpretation was driven by the court's understanding of the purpose behind section 12022.53 and the reasoning in *Lopez:* "[I]t becomes apparent that section 12022.53 was enacted to ensure that defendants who use a gun remain in prison for the longest time possible and that the Legislature intended the trial court to stay, rather than strike, prohibited enhancements under section 12022.53.  As noted above, staying rather than striking the prohibited firearm enhancements serves the legislative goals of section 12022.53 by making the prohibited enhancements *readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal and by making

accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life."

The version of section 12022.53 referred to in *Gonzalez* (see *Gonzalez, supra,* 43 Cal.4th at p. 1123, fn. 4) was subsequently repealed and the current version was added, without substantive change.  (Stats. 2010, ch. 711, §§ 4, 5, operative Jan. 1, 2012.)

'the trial court's intention clear — it is staying part of the sentence only because it thinks it must. If, on the other hand, the trial court were to strike or dismiss the prohibited portion of the sentence, it might be misunderstood as exercising its discretionary power under Penal Code section 1385.' " (*Gonzalez, supra,* 43 Cal.4th at p. 1129, quoting *Lopez, supra,* 119 Cal.App.4th at p. 365.)[9]

We conclude the analysis in *Gonzalez* is compelling and affirm the trial court's stay of the section 667.5(b) enhancements.

III. *Sentencing on Section 667.5(a) Enhancements*[*]

Appellant next contends the imposition of enhancements under both section 667, subdivision (a) (section 667(a)) and section 667.5(a) was improper.

Section 667(a)(1) provides, in relevant part, "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." In *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*), a single prior conviction resulting in a prison term was the basis for an enhancement under section 667(a) and section 667.5(b). (*Jones, supra,* at p. 1145.) The California Supreme Court held, "when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*Id.* at

---

**9** In the initial round of briefing, the People correctly noted that in *People v. Langston* (2004) 33 Cal.4th 1237 the California Supreme Court stated: "Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken. [Citations.]" (*Id.* at p. 1241.) However, the proper treatment of such an enhancement, where the defendant is sentenced under section 667.5(a) for the same prior prison term, was not at issue in *Langston*, and "cases are not authority for propositions not considered." (*People v. Brown* (2012) 54 Cal.4th 314, 330.) Moreover, *Langston* never mentioned rule 4.447, and the authority cited by *Langston* on the point involved discretionary determinations to not impose an enhancement, and therefore did not implicate the ability to stay an enhancement under rule 4.447.

**\*** See footnote, *ante*, page 1.

11

p. 1150.)  Accordingly, the court concluded the same prior conviction could not be the basis of enhancements under sections 667 and 667.5.  (*Jones, supra,* at p. 1153.)

In contrast to *Jones,* appellant's 1989 and 2002 cases each involved two convictions for serious felonies under section 667(a), one of which was also a violent felony for purposes of section 667.5(a).  Under similar circumstances, courts have held *Jones* does not bar the imposition of enhancements under both section 667 and section 667.5.  (*People v. Brandon* (1995) 32 Cal.App.4th 1033, 1055; *People v. Sandoval* (1994) 30 Cal.App.4th 1288, 1303-1304; *People v. Wiley* (1994) 25 Cal.App.4th 159, 164 (*Wiley*); *People v. Gonzales* (1993) 20 Cal.App.4th 1607, 1610-1611 (*Gonzales*).)

Appellant's sole response is to contend *Jones* applies unless the multiple convictions arose from charges brought in two independent cases, for which a single prison term was imposed.  Although this was the fact pattern in at least one of the cases cited above (*Gonzales, supra,* 20 Cal.App.4th at pp. 1610-1611), others have involved multiple convictions arising from charges brought in a single case (*Wiley, supra,* 25 Cal.App.4th at p. 164).  Moreover, *Gonzales* does not suggest it was necessary that the charges have been brought in independent cases to distinguish *Jones.*  Accordingly, we conclude appellant has failed to demonstrate the sections 667(a) and 667.5(a) enhancements were improperly imposed.

IV.  *Sentencing on Counts One and Three***

At sentencing, the trial court stated: "The court does find that count one and three are 654.  Count one, the burglary, [and] the assault, I do find to be 654.  When it comes to the 220 and the false imprisonment, . . . he's trying to assault this person, . . . to sodomize him, and . . . holding him there so he can attempt to do that assault.  [¶] So I do find count three, as well as count one 654 to count two, meaning it's the same set of operative acts, it was the same occasion, therefore the sentencing should be concurrent with regard to count[s] one and three."

---

**\***   See footnote, *ante*, page 1.

" 'It has long been established that the imposition of concurrent sentences is precluded by section 654 [citations] because the defendant is deemed to be subjected to the term of *both* sentences although they are served simultaneously.' [Citation.] Instead, the accepted 'procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable.' [Citations.]" (*People v. Jones* (2012) 54 Cal.4th 350, 353.)

Appellant urges us to modify the judgment to stay sentences on counts one and three. The People correctly agree. We will modify the judgment accordingly.

DISPOSITION

The judgment is modified to reflect the sentences on counts one and three are stayed pursuant to section 654 and, as so modified, is affirmed. The trial court is ordered to prepare and forward to the California Department of Corrections and Rehabilitation an abstract of judgment modified accordingly.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

13

Superior Court of Contra Costa County, No. 05-110750-7, Mary Ann O'Malley, Judge.

Eric Weaver, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.