Filed 11/4/14  P. v. Harris CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>FRANKLIN DEVON HARRIS,<br><br>　　　　Defendant and Appellant. | B252916<br><br>(Los Angeles County<br>Super. Ct. No. GA090098) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Franklin Devon Harris appeals from the judgment entered following his conviction by a jury of first degree burglary. On appeal, Harris contends the trial court erred by failing to strike a one-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the morning of June 19, 2013, Laura Simmons was alone in her residence when Harris entered without her consent. Harris was arrested and charged in an information with first degree burglary with a person present (§ 459, 667.5, subd. (c)). The information specially alleged Harris had suffered a prior serious or violent felony for first degree burglary (L.A.S.C. case No. GA074299[2]) within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and section 667, subdivision (a)(1) and had served two separate prison terms for felonies, first degree burglary (case No. GA074299) and receiving stolen property (case No. GA069725) under section 667.5, subdivision (b). Harris pleaded not guilty and denied the special allegations.

The jury found Harris guilty as charged and found true the special allegation a person other than an accomplice was present in the residence. In a bifurcated proceeding, Harris waived his right to trial on the prior conviction allegations and admitted them; the trial court found them true.

Harris was sentenced to four years (the two-year lower term doubled under the three strikes law) for first degree burglary, plus five years for the prior serious felony enhancement. Without referring to either the 2008 first degree burglary conviction or the 2007 receiving stolen property conviction, the trial court stated it was imposing "an additional one year pursuant to Penal code section 667.5[, subdivision] (b) for a total of ten years [in] state prison. . . .There is a second one-year prior. So what I will do is stay that. So there's two one-year priors. And I'm imposing one and staying the other."

---

[1] Statutory references are to the Penal Code, unless otherwise indicated.

[2] Case numbers refer to Los Angeles Superior Court cases.

DISCUSSION

Harris argues under *People v. Jones* (1993) 5 Cal.4th 1142 the court should strike the one-year prior prison term enhancement it erroneously stayed.  In *Jones* the defendant received both a five-year serious felony enhancement under section 667, subdivision (a)(1), and a one-year section 667.5, subdivision (b), prior prison term enhancement based on a single serious felony and resulting prison term.  (*Jones, supra*, 5 Cal.4th at p. 1145.)  The Supreme Court concluded, when multiple statutory enhancements are available for the same prior offense, one of which is a section 667, subdivision (a), serious felony enhancement, only the greatest felony enhancement may be imposed.  Accordingly, the *Jones* Court held the one-year prior prison term enhancement should be stricken.  (*Jones*, at pp. 1150-1153.)

Harris's 10-year state prison sentence included a five-year prior serious felony enhancement under section 667, subdivision (a)(1) and a one-year prior prison term enhancement under section 667.5, subdivision (b)).  Both the five-year prior serious felony enhancement and one of the two one-year prior prison term enhancements were based on the trial court's true findings as to Harris's 2008 first degree burglary conviction and prison sentence in case No. GA074299.  The remaining prior prison term enhancement was based the trial court's true findings as to his 2007 receiving stolen property conviction and prison sentence in case No. GA069725.  Although the trial court did not specify the section 667.5, subdivision (b) enhancement for which it was imposing and staying the additional one-year term, we presume the trial court understood and applied the applicable law correctly.  (*People v. Campo* (1987) 193 Cal.App.3d 1423, 1432.)  "'It is presumed that official duty has been regularly performed' (Evid. § 664), and in the absence of contrary evidence this court must assume that the trial court properly followed established law.'"  (*Ibid*.; accord *People v. Lang* (1989) 49 Cal.3d 991, 1044.)  Thus, in the absence of a contrary indication in the record, we presume the trial court imposed the additional one-year term under section 667.5, subdivision (b) based on the receiving stolen property conviction and prison sentence, and imposed and stayed the execution of the one-year term based on the first degree burglary conviction and prison

3

sentence as now appears to be the appropriate disposition under these circumstances. (Cal. Rules of Court, rule 4.447; see *People v. Lopez* (2004) 119 Cal.App.4th 355, 364 [*Jones* "did not actually discuss whether striking the unused enhancement finding was the appropriate remedy"; correct procedure is "to impose a sentence on the barred enhancement, but then stay execution of that sentence"]; accord *People v. Brewer* (2014) 225 Cal.App.4th 98, 102-107; *People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9.)

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

WOODS, Acting P. J.

SEGAL, J. [*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.