Filed 8/18/16  P. v. Herrera CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B266568 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA129730) |
| v. | |
| JAVIER ERNESTO HERRERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed as modified.

John J. Uribe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The District Attorney in Los Angeles charged defendant Javier Ernesto Herrera (defendant) with three counts of second degree robbery in violation of Penal Code section 211.[1] The District Attorney also charged defendant with several sentencing enhancements, including among others, enhancements alleging defendant personally used a deadly weapon (a knife) in one of the robberies and that defendant had served a prior prison term as described in section 667.5(b). Defendant's attorney on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We correct two sentencing errors but otherwise affirm the judgment.

## I. BACKGROUND

The count 1 robbery charge arose out of the December 20, 2012, robbery of Alexander Perez while he was travelling on the MTA Blue Line at about 1:00 a.m. The jury was unable to reach a verdict on this charge, and it was ultimately dismissed.

The count 2 charge, captured on video by security cameras, concerned the January 13, 2013, robbery of Jorge Baltazar. Baltazar testified that the encounter occurred about 4:00 a.m., when defendant approached him on a bicycle and started talking with him. As shown by the video, defendant hit Baltazar, knocked him to the ground, and kicked him. Defendant took Baltazar's wallet, $280, and his cell phone.

The count 3 charge concerned the January 27, 2013, robbery of Jose Reyes Diaz. Diaz testified that defendant rode up to him on a bicycle and offered him a ride at about 4:00 a.m. Diaz took the ride, and at some point defendant stopped the bicycle and demanded money from Diaz. Diaz gave defendant his money, but defendant demanded more. Defendant reached toward his ankle, and Diaz later told sheriff's deputies that defendant pulled a 5-inch knife from his sock. (At trial, Diaz testified he did not remember actually seeing a knife.) Diaz did not have more money, so he gave his cell phone to defendant instead.

---

[1] Undesignated statutory references that follow are to the Penal Code.

The jury found defendant guilty of the robberies charged in count 2 and count 3. The jury also found true an allegation that defendant inflicted great bodily injury on Baltazar. The jury did not reach a verdict on the allegation that defendant personally used a knife in the commission of the count 3 robbery of Diaz.

The trial court sentenced defendant to a total of 59 years to life in state prison. On count 2, the court sentenced defendant to 25 years to life in state prison for the robbery conviction pursuant to the Three Strikes law, plus a three-year enhancement term under section 12022.7(a) for inflicting great bodily injury, plus a five year enhancement term under section 667(a) for a prior serious felony conviction. The court stated it would impose but stay a one-year term for "the 667.5(b) prior." As to the count 3 robbery, the trial court imposed a consecutive 25 years to life term, plus one year for the 12022(b)(1) deadly/dangerous weapon allegation (use of the knife) in connection with that count. The court imposed the requisite fines, fees, and assessments, and gave defendant a total of 1001 days of sentencing credit, consisting of 871 days of actual custody and 130 days of conduct credit.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief raising no issues but asking us to independently review the record. On February 24, 2016, we informed defendant of his right to personally submit any contentions or issues he wished us to consider. Defendant submitted no contentions or issues in response.

We have examined the record and discovered two sentencing errors. The trial court imposed a one-year term for the deadly weapon allegation even though the record shows the jury did not find that allegation true. The court also incorrectly stayed a one-year term for the section 667.5 prior prison term allegation. Both enhancements must be stricken.

3

### A.        Deadly Weapon Allegation

The jury returned its verdicts on February 5, 2015, but the court did not sentence defendant until August 26, 2015.  By that time, the parties and the court apparently believed the jury had found true the allegation that defendant used a deadly or dangerous weapon, a knife, in the commission of the count 3 robbery.  They were mistaken.  The jury had been unable to reach agreement on that allegation.

During deliberations on February 4 the jury sent a note to the court asking "what should we do if we cannot agree on the second paragraph to the third count regarding use of a deadly weapon?"  The court replied, "If you cannot agree on the special allegation but agree on a verdict leave the allegations unmarked and sign the form."  The jury signed the "guilty" verdict form for count 3.  The second paragraph of that form states, "We further find that in the commission of the above offense, the said defendant personally used a deadly and dangerous weapon, to wit:  a knife, within the meaning of Penal Code section 12022(b)(1) to be _____.  (Insert "TRUE" or "NOT TRUE")."  The jury left the space blank.

The clerk read the verdict form aloud as follows:  "We, the jury in the above-entitled action, find the defendant, Javier Ernesto Herrera, guilty of the crime of second degree robbery upon Jose Reyes Diaz, in violation of section 211 of the Penal Code of California, a felony, as charged in Count III of the information.  [¶]  The allegation is not signed. [¶] This 5th day of February, 2015. [¶]  Juror number 1, foreperson."  The minute order states the verdict as follows:  "We, the jury in the above-entitled action, find the defendant, Javier Ernesto Herrera, guilty of the crime of second degree robbery,  upon Jose Reyes Diaz, in violation of section 211 of the Penal Code of California, a felony, as charged in Count 3 of the information.  This 5th day of February, 2015. [¶]  Juror no. 1, foreperson."

Because the jury did not find the section 12022(b)(1), deadly weapon allegation true, the one-year enhancement term imposed for that allegation must be stricken.

4

## B. *Prior Prison Term Enhancement*

The information alleged defendant had suffered a prior conviction for violating Vehicle Code section 10851(a) and had served a prison term for that conviction within the meaning of section 667.5(b). Defendant admitted he had suffered the conviction. The trial court imposed and stayed a one-year term for this enhancement. The Vehicle Code conviction was not the basis of any other enhancement term, and thus the trial court's decision to refrain from imposing the enhancement must be viewed as a discretionary choice. As such, it should have been stricken, not stayed. (See *People v. Brewer* (2014) 225 Cal.App.4th 98, 104.)

## DISPOSITION

The one-year enhancement term imposed pursuant to section 12022(b) is ordered stricken. The section 667.5(b) term the trial court imposed but stayed is also ordered stricken. Defendant's corrected total term of imprisonment is now 58 years to life. The clerk of the superior court shall prepare an amended abstract of judgment reflecting these changes and deliver a copy to the Department of Corrections and Rehabilitation. The judgment of conviction is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

TURNER, P.J.                                        RAPHAEL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5