Filed 1/13/25  P. v. Reed CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>GUY DAVID REED,<br><br>         Defendant and Appellant. | E083073<br><br>(Super.Ct.No. RIF1300690)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

Guy David Reed appeals from the trial court's order denying him relief under Penal Code section 1172.75.  (Unlabeled statutory references are to the Penal Code.)  Reed argues that section 1172.75 applies to defendants who had their punishment struck on a prior prison term sentencing enhancement.  We disagree and affirm.

BACKGROUND

In 2013, a jury convicted Reed of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)), battery causing serious bodily injury (§ 243, subd. (d)), and criminal threats (§ 422).  The jury also found that Reed inflicted great bodily injury (§ 12022.7, subd. (a)).  Reed admitted that he had three prior prison terms (§ 667.5, subd. (b)), one prior serious felony conviction (§ 667, subd. (a)), and one prior serious and violent felony strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).  The trial court sentenced Reed to 16 years in state prison and imposed the three prior prison term enhancements but struck the punishment for each of them.

In 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Reed was serving a term for a judgment that included prior prison term enhancements that are now invalid under section 1172.75.[1]  In December 2023, the court held a hearing and declined to resentence Reed, finding that he was not eligible for resentencing under section 1172.75.

---

[1]     Reed filed a request for judicial notice on July 17, 2024.  We grant that request and take judicial notice of the declarations of Aimee Vierra and David McKinney filed in case No. E082642, and we augment the record in this case to include the CDCR list dated June 16, 2022, listing individuals eligible for relief under section 1172.75.  Reed is listed on page 27 of that document.

DISCUSSION

Reed argues that section 1172.75 applies to defendants who had the punishment struck on their prior prison term enhancements. We disagree.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The issue presented in this case—whether section 1172.75 applies to prior prison term enhancements that were imposed but as to which the punishment was struck—is closely related to an issue on which our appellate courts are currently split, namely,

3

whether section 1172.75 applies to prior prison term enhancements that were imposed but stayed. *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), held that "imposed" in subdivision (a) of section 1172.75 must be interpreted as shorthand for "imposed and executed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "*a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement*." (*Rhodius*, at p. 43.) Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed," *Rhodius* concluded that if section 1172.75 applied to stayed prior prison term enhancements, then a resentencing court faced with such an enhancement would be required to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement. (*Rhodius*, at p. 44.) Because the Legislature presumably did not intend such an outcome, *Rhodius* held that section 1172.75 must be interpreted to apply only to prior prison term enhancements that were imposed and executed. (*Rhodius*, at p. 44.)

The rest of the published appellate decisions to consider the issue have concluded that section 1172.75 does apply to prior prison term enhancements that were imposed but stayed. (*People v. Renteria* (2023) 96 Cal.App.5th 1276; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853

4

(*Mayberry*).) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius*'s concern about applying section 1172.75 to stayed enhancements was unfounded, because striking a stayed enhancement does result in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1). As *Christianson* explained, a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, at p. 312.) Striking a stayed enhancement reduces the defendant's sentence, because it eliminates the risk that the enhancement will be executed in the future. (*Ibid.*; see also *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].) Resentencing courts thus would not be required to arbitrarily lower a sentence that included a stayed prior prison term enhancement, because striking the stayed enhancement is sufficient to satisfy the "lesser sentence" mandate of section 1172.75, subdivision (d)(1). (*Christianson*, at p. 312; *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675.)

An enhancement for which the punishment was struck, however, is materially distinguishable from an enhancement that was imposed but stayed. When the sentencing court struck the punishment for Reed's prison priors, the court eliminated any possibility that those prison prior enhancements could be executed, even if an alternatively imposed term were later invalidated. (See *Christianson*, *supra*, 97 Cal.App.5th at p. 312; see also *People v. Brewer* (2014) 225 Cal.App.4th 98, 104, 106.) Resentencing Reed pursuant to

5

subdivision (d) of section 1172.75 under such circumstances would therefore have forced the court to arbitrarily lower his sentence in order to comply with the "lesser sentence" requirement (§ 1172.75, subd. (d)), because the striking of a prison prior enhancement for which the punishment had already been struck would not by itself result in a lesser sentence.  (See *Rhodius*, *supra*, 97 Cal.App.5th at p. 44.)

We agree with *Rhodius* that the Legislature did not intend such a result. Moreover, the statutory language can be reasonably interpreted in a way that avoids that unintended result:  When subdivision (a) of section 1172.75 refers to "[a]ny sentence enhancement that was imposed prior to January 1, 2020," the word "enhancement" includes the punishment.  Thus, prior prison term enhancements like Reed's, for which the punishment was struck, were not imposed within the meaning of subdivision (a) of section 1172.75, because the punishment was not imposed.

After the People filed their brief in this case, a divided panel of another court published an opinion agreeing with Reed's position.  (*People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987.)  The majority saw no reason to distinguish between prison prior enhancements that were imposed but stayed and those that were imposed but the punishment struck.  (*Id*. at p. 193 ["section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck"].)  The dissent, however, found "the concept of a sentence enhancement being 'imposed' when its punishment was stricken" incomprehensible, and the dissent further observed that "[f]or enhancements, the California Supreme Court has

6

identified two potential meanings of 'impose': '[T]he word "impose" [can apply] to enhancements that are "imposed and then executed" as well as those that are "imposed and then stayed."' [Citation.]" (*Id.* at p. 203 (dis. opn. of Lie, J.).) The dissent also echoes *Rhodius*'s concern that the Legislature presumably did not intend to force resentencing courts to arbitrarily lower sentences, noting that "eliminating an enhancement for which the court had already stricken the punishment" does not, by itself, result in a lesser sentence. (*Espino*, at p. 203, fn. 2 (dis. opn. of Lie, J.).) The majority opinion does not address that issue. On balance, we find the *Espino* dissent more persuasive than the majority opinion.

For all of these reasons, we conclude that section 1172.75 does not apply to Reed's prior prison term enhancements and that he therefore is not entitled to resentencing under subdivision (d) of the statute.

DISPOSITION

The trial court's order finding Reed ineligible for resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

7