Filed 3/7/25  P. v. Peace CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083071 |
| v. | (Super.Ct.No. RIF74466) |
| JOSEPH PEACE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Laura G. Baggett and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Joseph Peace, Jr., appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1]  The court found defendant ineligible because all punishment was struck on his prison priors (§ 667.5, subd. (b)) at his original sentencing.  Defendant disagrees that this rendered him ineligible.  He also contends that to the extent recall and resentencing may be available for defendants whose enhanced punishment for a prior prison conviction was stayed (see, e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*)), denying him similar treatment violated equal protection principles.  We find no merit in either contention.  We therefore affirm the trial court's order.

## BACKGROUND

In 1997, a jury convicted defendant of two counts of assault with a deadly weapon. (§ 245, subd. (a)(1).)  The record also reflects true findings on three allegations each of prior serious or violent felony convictions (§ 667, subd. (a)) and prior prison convictions (§ 667.5, subd. (b)).  At sentencing, the trial court denied defendant's motion to strike his prior strikes.  The court imposed an indeterminate term of 25 years to life, consecutive to a 15-year determinate sentence on the three five-year "nickel" priors.  The court also imposed sentence but immediately struck punishment on the prison priors.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

Following a hearing in December 2023, the trial court concluded defendant was not eligible for recall and resentencing under section 1172.75.[2] The court noted expressly in its minute order denying relief that it considered the following recently decided cases: *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted March 12, 2024, S283547; *Christianson*, *supra*, 97 Cal.App.5th 300, review granted as noted *ante*; *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169; and *People v. Renteria* (2023) 96 Cal.App.5th 1276.

Defendant's hearing was not reported, but the court's minute order incorporated by reference the record in a case it heard the same afternoon as defendant's. In that case, the defendant's original sentencing court had stayed execution of his penalty enhancement or enhancements imposed under section 667.5, subdivision (b). In denying the defendant resentencing relief under section 1172.75, as it likewise did for defendant here, the trial court explained it found defendants with stayed terms for prison prior enhancements (and those for whom punishment was struck on prison priors) to be ineligible for resentencing because in neither instance was "anyone . . . serving time on them." The court concluded that "what the Legislature was after" in enacting section 1172.75 was to provide a recall

---

[2] We grant defendant's request for judicial notice of documents indicating he did not initiate his resentencing bid but instead was among inmates identified by the California Department of Corrections and Rehabilitation (CDCR) as potentially eligible (see § 1172.75, subd. (b)) for resentencing under section 1172.75. (Evid. Code, §§ 459, 452, subd. (d); see *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [trial courts lack jurisdiction to adjudicate under § 1172.75—and appellate court to review on the merits—defendant-initiated resentencing petitions].)

and resentencing mechanism for inmates "serving additional time based on the[ir] prison priors."

## DISCUSSION

Defendant argues that section 1172.75 applies to defendants whose punishment was struck on a prior prison term enhancement. We disagree. Nor do we find any merit in his contention he is similarly situated, within the rationale of *Christianson* and related cases, with defendants whose prior prison enhancement terms were stayed. Hence, we also reject his equal protection challenge.

At the time of defendant's conviction and sentencing, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Subsequently, section 1172.75 now provides, with an exception that is not applicable here: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a).[3])

Section 1172.75 further provides, as pertinent here, for recall and resentencing if the superior court in which the defendant was sentenced "determines that the [defendant's] current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c); see *id.*, subd. (b) [specifying sentencing court as recall and

---

[3] The exception specifies that only prior prison enhancements "for a prior conviction for a sexually violent offense" remain valid. (§ 1172.75, subd. (a).)

resentencing venue].)  Additionally, the statute specifies that for defendants eligible for recall and resentencing, their resentencing "shall result in," "*as a result of the elimination of the repealed enhancement*," "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."[4]  (§ 1172.75, subd. (d)(1), italics added.)

The issue presented in this case—whether section 1172.75 applies to prior prison enhancement terms that were imposed but for which the punishment was struck—is closely related, but not identical to, an issue on which our appellate courts are currently split, namely, whether section 1172.75 applies to prior prison term enhancements that were imposed but stayed.

To briefly review those decisions, *Rhodius*, *supra*, 97 Cal.App.5th 38 held that "imposed" in subdivision (a) of section 1172.75 must be interpreted as shorthand for "imposed and executed" to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a *lesser* sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (*Rhodius*, at p. 43, italics added; see *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 [recognizing "the word 'impose' " refers "often" to "enhancements that are 'imposed and then

---

**4** This subdivision, without our italics, quotation marks, and ellipses inserted for clarity, provides in full:  "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

*executed*' "].) Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed," *Rhodius* concluded that applying section 1172.75 to a stayed prior prison term would require a resentencing court to "arbitrarily lower" the defendant's sentence in a way unrelated to the enhancement in order to comply with the statute's "lesser sentence" requirement. (*Rhodius*, at p. 44.) Because the Legislature presumably did not intend arbitrary adjudication, *Rhodius* held section 1172.75 must be interpreted to apply only to prior prison enhancement terms that were imposed and executed. (*Rhodius*, at p. 44.)

Other appellate panels considering the issue—one before *Rhodius* and the others relying on *Christianson* after *Rhodius* was decided—have held that section 1172.75 applies to prior prison term enhancements that were imposed but stayed. (See *Renteria*, *supra*, 96 Cal.App.5th 1276; see also *Christianson*, *supra*, 97 Cal.App.5th 300; *Saldana*, *supra*, 97 Cal.App.5th 1270; *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*), review granted Aug. 14, 2024, S285853.) All of these decisions since and including *Rhodius* remain under review, as the high court considers the issue.

In brief, *Christianson*, *Saldana*, and *Mayberry* parted company with *Rhodius* because they viewed striking a stayed enhancement upon resentencing as resulting in a "lesser" sentence in compliance with section 1172.75, subdivision (d)(1). As *Christianson* explained, this view is grounded in a stayed enhancement's "potential for an increased sentence" because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Under this interpretation,

6

striking a stayed enhancement reduces the defendant's sentence because it eliminates the risk that the enhancement will be executed in the future. (*Ibid*.; see also *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)

This interpretation does not aid defendant. An enhancement for which the punishment was struck, as here, is materially distinguishable from an enhancement that was imposed but stayed. A stay may have been a sound option for defendant's sentencing court because his nickel and prison priors rested on the same prior convictions. (See *People v. Brewer* (2014) 225 Cal.App.4th 98, 104, 106.) However the sentencing court chose to strike defendant's punishment. In doing so, the court imposed a sentence that did not expose defendant to the risk of increased punishment from his prison priors, even if an alternatively imposed term for other priors was later invalidated—which was the rationale underpinning *Christianson*. (See *Christianson*, *supra*, 97 Cal.App.5th at p. 312, citing *Brewer*, at p. 106.)

In these circumstances, purporting to resentence defendant pursuant to subdivision (d) of section 1172.75 would violate the statute's express provisions, contrary to both *Rhodius* and *Christianson*. Contrary to *Rhodius*, with punishment on defendant's prison priors already stricken at sentencing, the trial court would have to arbitrarily lower his sentence in some other manner to comply with the statute's "lesser sentence" requirement. (§ 1172.75, subd. (d)(1).) This, however, would violate the statute's directive that, at a minimum, a "lesser sentence than the one originally imposed" must occur "*as a result of* the elimination of the repealed enhancement." (*Ibid.*, italics added.)

7

That cannot happen here even in the risk-avoiding sense *Christianson* contemplated, given that defendant's sentencing court struck rather than stayed punishment on his prison priors.[5]  Thus, whether viewed through the lens of *Rhodius* or *Christianson* or section 1172.75's uncodified preamble, defendant's sentence was not within the parameters the Legislature set for resentencing in enacting the statute.

Defendant's equal protection claim similarly fails given he was not at risk of punishment for his prison priors under an alternative sentence, unlike defendants subjected to a stay as discussed in *Christianson*.  Because he is not similarly situated with the class on which he bases his claim of unequal treatment, the predicate for defendant's equal protection claim is absent.  (See *People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155 ["If persons are not similarly situated for purposes of the law, an equal protection claim fails at the threshold"]; accord, *People v. Hardin* (2024) 15 Cal.4th 834, 851 ["threshold 'similarly situated' " analysis no longer necessary to resolve equal protection challenges, but principle, as here, "that the challenged disparate treatment did not involve groups that were similarly situated for purposes of the law in question" remains valid].)  In other words, where the Legislature may fairly distinguish between groups, as it did

---

        [5]  We also note the Legislature explained its intent in enacting section 1172.75 in an uncodified preamble to the statute that suggests no intention to extend resentencing to defendants whose punishment for a prior prison enhancement was stricken.  Specifically, the preamble states "it is the intent of the Legislature to retroactively apply [the new limitations on prior prison term enhancements] to all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*."  (Stats. 2021, ch. 728, § 1, italics added.)  A defendant who had punishment on a prior prison enhancement stricken at sentencing is not serving a term of incarceration in jail or prison for that enhancement, so the Legislature did not intend to provide retroactive relief to such a defendant.

here in limiting resentencing eligibility to defendants whose prison prior enhancements result in actual incarceration—as *Rhodius* concluded and as indicated by section 1172.75's preamble, or at least the risk of incarceration—as *Christianson* concluded, there is no equal protection violation in excluding from resentencing those, like defendant, whose sentences posed no such risks. (Cf. *Hardin*, at pp. 851-852 [any rational basis for legislation dispels equal protection challenge].)

Similarly unavailing is defendant's invocation of the "rule of lenity," which only applies when there is such uncertainty in interpreting a criminal statute that fairness requires leniency. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611.) That is not the case here where the result is the same under *Rhodius*'s and *Christianson*'s respective rationales, as well as under the express language of the preamble.

After the parties filed their briefs in this case, a divided panel from another court published an opinion agreeing with defendant's position. (*People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted Oct. 23, 2024, S286987.) The majority in *Espino* saw no reason to distinguish between prison prior enhancements that were imposed but stayed and those that were imposed but the punishment struck. (*Id.* at p. 193 ["section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck"].)

The dissent in *Espino*, however, found the "additive character of the term of imprisonment . . . integral to imposition of a sentence enhancement," such that "when the law otherwise prescribes an additional term of imprisonment, a trial court that elects to strike that additional term of imprisonment has not imposed it—not even conditionally, as

9

would be the case when a court elects to stay the additional term." (*Espino*, *supra*, 104 Cal.App.5th at p. 203 (dis. opn. of Lie, J.).) The dissent also echoes *Rhodius*'s concern that the Legislature presumably did not intend to force resentencing courts to arbitrarily lower sentences, noting that "eliminating an enhancement for which the court had already stricken the punishment" does not, by itself, result in a lesser sentence. (*Espino*, at p. 203, fn. 2 (dis. opn. of Lie, J.).) The majority opinion does not address these issues, which contravene both *Rhodius*'s and *Christianson*'s analyses of section 1172.75. On balance, we find the *Espino* dissent more persuasive than the majority opinion.

For all of these reasons, we conclude section 1172.75 does not apply where punishment was stricken on each of defendant's prior prison term enhancements, and he therefore is not entitled to resentencing under subdivision (d) of the statute.

## DISPOSITION

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

Acting P. J.

We concur:

CODRINGTON

J.

MENETREZ

J.

10