Filed 10/16/24  P. v. Mackey CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>DEMARIE RASHAD MACKEY,<br><br>      Defendant and Appellant. | B334384<br><br>(Los Angeles County<br>Super. Ct. No. PA077059) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Reversed with directions.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In 2013 a jury convicted Demarie Rashad Mackey on three counts of robbery. The trial court sentenced Mackey to a prison term of 70 years to life (later reduced to 60 years to life). The court also imposed and stayed execution of two one-year prior prison term enhancements under Penal Code section 667.5, former subdivision (b).[1]

In 2021 the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.), which declared enhancements under section 667.5, subdivision (b), such as Mackey's, legally invalid and directed courts to resentence inmates with such now-invalid enhancements. In 2023 the superior court struck the prior prison term enhancements, but denied Mackey's request to resentence him, ruling Senate Bill No. 483 did not apply because the trial court stayed execution of Mackey's enhancements. Mackey argues he is eligible for a full resentencing, and we agree. Therefore, we reverse and direct the superior court to conduct a full resentencing hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *A Jury Convicts Mackey of Robbery, and the Trial Court Sentences Him*

In 2013 a jury convicted Mackey on three counts of robbery (§ 211). The trial court found true allegations Mackey had two prior convictions for serious felonies, within the meaning of section 667, subdivision (a)(1), and two prior serious or violent

---

[1] Statutory references are to the Penal Code.

felony convictions, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court also found Mackey had served two prior prison terms, within the meaning of section 667.5, former subdivision (b).

The trial court sentenced Mackey as a third strike offender to an aggregate prison term of 70 years to life.  On two of the robbery convictions, the court imposed a sentence of 25 years to life, plus 10 years for the two five-year enhancements under section 667, subdivision (a)(1), and imposed and stayed execution of two one-year prior prison term enhancements under section 667.5, former subdivision (b).  The court imposed and stayed under section 654 execution of a prison term on the third robbery conviction.

In Mackey's direct appeal, we reversed one of the robbery convictions, directed the trial court to correct a sentencing error, and otherwise affirmed the judgment.  (*People v. Mackey* (Dec. 21, 2015, B255595) [nonpub. opn.].)  On remand the trial court resentenced Mackey to an aggregate prison term of 60 years to life.  On each of the two remaining robbery convictions, the court imposed a prison term of 25 years to life, plus five years under section 667, subdivision (a)(1), and imposed and stayed execution of two one-year prior prison term enhancements under section 667.5, former subdivision (b).

> B. *The Superior Court Strikes Mackey's One-year Enhancements, but Otherwise Declines To Resentence Him*

In 2021 the Legislature declared prior prison term enhancements under section 667.5, subdivision (b), imposed prior to January 1, 2020 legally invalid, except those arising from

convictions for sexually violent offenses. The Legislature enacted section 1172.75, which provided a mechanism for resentencing inmates serving terms that included those now-invalid enhancements. (§ 1172.75, subd. (a).) In November 2023 the superior court vacated the true findings on Mackey's section 667.5, subdivision (b), enhancements. Acknowledging a split in authority on "whether or not the defendant is entitled to resentencing when the one-year prior has been imposed and stayed," the court concluded it would follow the holding of *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169, and deny Mackey's request for a full resentencing. Mackey timely appealed.

## DISCUSSION

A. *Statutory Interpretation*

"'Our primary task "in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent."'" (*People v. McCallum* (2020) 55 Cal.App.5th 202, 211.) "We give the words their plain and commonsense meaning, while also considering the context and framework of the entire statutory scheme and keeping in mind its nature and purpose. [Citation.] 'If the words in the statute do not, by themselves, provide a reliable indicator of legislative intent, "[s]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes."'" (*People v. Christianson* (2023) 97 Cal.App.5th 300, 308-309, review granted

Feb. 21, 2024, S283189 (*Christianson*); see *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)  "We do not interpret the statute so literally as to contravene the apparent legislative intent, ""and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed.""" (*Christianson*, at p. 309; see *Gonzalez*, at p. 1126.)  "'If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy.'" (*Christianson*, at p. 309; see *Gonzalez*, at p. 1126.)  "The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961; see *Christianson*, at p. 308.)

    B.    *Section 1172.75*

Before January 1, 2020, section 667.5, subdivision (b), required the court to impose a one-year enhancement for each prior prison term the defendant had served, unless the defendant had remained free of custody for the preceding five years. (§ 667.5, former subd. (b); *Christianson*, *supra*, 97 Cal.App.5th at p. 309, review granted.)  Effective January 1, 2020, Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) amended section 667.5 to limit the enhancement to prior prison terms for sexually violent offenses.  (§ 667.5, subd. (b); *Christianson*, at p. 309.)

Effective January 1, 2022, Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) made the change retroactive.  Senate Bill No. 483 added section 1171.1, later renumbered as section 1172.75, which states:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (§ 1172.75,

subd. (a).)  Section 1172.75 requires the Department of Corrections and Rehabilitation and the county correctional administrator to identify individuals serving terms that include no-longer-valid enhancements and provide certain information about those individuals "to the sentencing court that imposed the enhancement."  (§ 1172.75, subd. (b).)  "Upon receiving the information," the superior court, if it determines a judgment includes an invalid enhancement, must "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d)(1), provides that resentencing under the statute must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  Section 1172.75, subdivision (d)(2), provides the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

C. *Mackey Was Entitled to Resentencing Under Section 1172.75*

Mackey argues the superior court erred in ruling that, because his enhancement was stayed, he was not entitled to a full resentencing under section 1172.75.  The majority of courts that have considered the issue (which is pending in the Supreme Court) have held section 1172.75 applies to all enhancements imposed under section 667.5, subdivision (b), whether executed or stayed.  We agree with those courts.  (See, e.g., *People v. Mayberry* (2024) 102 Cal.App.5th 665 [section 1172.75 applies to prior prison term enhancements that were imposed and stayed], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270 [same], review granted Mar. 12, 2024, S283547; *Christianson*, *supra*, 97 Cal.App.5th 300 [same], review granted; see also *People v. Espino* (2024) 104 Cal.App.5th 188 [section 1172.75 applies to prior prison term enhancements that were imposed and stricken]; but see *People v. Rhodius*, *supra*, 97 Cal.App.5th 38 [section 1172.75 applies only where an enhancement under section 667.5, subdivision (b), was imposed and executed], review granted.)

Section 1172.75 requires the court to provide a full resentencing hearing to any defendant currently serving time in prison on a judgment that includes "[a]ny sentencing enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," except for convictions for a sexually violent offense.  (§ 1172.75, subd. (a), italics added.)  Standing alone, the word "impose" is a little ambiguous.  (See *People v. Gonzalez*, *supra*, 43 Cal.4th at p. 1125 [the "word 'impose' applies to enhancements that are 'imposed and then *executed'* as well as those that are 'imposed and then

7

*stayed*'"].)  However, in the context of section 1172.75, construing "imposed" to include "imposed and stayed" harmonizes subdivision (a) with the rest of the statute and leads to the more reasonable result.

Under section 1172.75, subdivision (b), the Department must "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)."  "A judgment may include a sentence that has been imposed but suspended or stayed."  (*Christianson*, *supra*, 97 Cal.App.5th at p. 311, review granted; see *People v. Mani* (2022) 74 Cal.App.5th 343, 380.)  "Thus, by its plain language, all that is required for the [Department] to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed.  Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, at p. 312.)[2]

---

[2]      The People contend "the *Christianson* court was incorrect to hold that a defendant is eligible for full resentencing under section 1172.75 simply because a now-invalid section 667.5, subdivision (b), enhancement appears on the abstract of judgment."  The People assert section 1172.75, subdivision (b), requires the Department to identify only defendants "in their custody," not released defendants, even though a released defendant may have an enhancement on his or her abstract of judgment.  Fair enough.  But the fact the Legislature did not intend section 1172.75 to apply to a released defendant does not mean the Legislature did not intend to grant relief to a currently

8

The People rely on *People v. Gonzalez, supra,* 43 Cal.4th 1118, where the Supreme Court interpreted the term "impose" in section 12022.53, subdivision (f). That statute, which governs firearm enhancements, states that "'[o]nly one additional term of imprisonment under this section shall be *imposed* per person for each crime.'" (*Gonzalez,* at p. 1125.) Therefore, the Supreme Court concluded, "the statute's punishment and legislative intent will be carried out only if [the word 'impose'] is interpreted as shorthand for 'impose and *execute.*'" (*Id.* at p. 1127.) That interpretation allowed the trial court to impose and execute the firearm enhancement with the longest term of imprisonment and to stay, rather than strike, additional firearm enhancements, "making the prohibited enhancements *readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal." (*Id.* at p. 1129.)

The People argue there is "no reason for this Court to adopt a different characterization of the term 'imposed' in section 1172.75." But there is a reason: Section 1172.75 is part of a different statutory scheme with a very different legislative goal than section 12022.53. As the Supreme Court stated in *People v. Gonzalez, supra,* 43 Cal.4th 1118, "section 12022.53 was enacted to ensure that defendants who use a gun remain in prison for the longest time possible." (*Id.* at p. 1129.) Section 1172.75, in contrast, "involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.'" (*Christianson, supra,* 97 Cal.App.5th at p. 314,

_____

incarcerated defendant serving a prison term that includes a stayed enhancement.

review granted; see Sen. Rules Com., Analysis of Sen. Bill No. 136 (2019-2020 Reg. Sess.) as amended Sept. 3, 2019, p. 5.)

The People also argue interpreting "imposed" to exclude stayed enhancements is necessary to harmonize section 1172.75, subdivision (a), with section 1172.75, subdivision (d), which states resentencing "shall result in a lesser sentence than the one originally imposed." The People contend that Mackey's stayed enhancements did not increase his sentence and that "eliminating the repealed prior prison term enhancements would do nothing to decrease the sentence originally imposed." But an enhancement, even if stayed, does increase a sentence. "When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated. [Citation.] Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted; see *People v. Mayberry*, *supra*, 102 Cal.App.5th at p. 674 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution."], review granted; *People v. Saldana, supra*, 97 Cal.App.5th at p. 1278 ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."], review granted.) Even if the superior court at the resentencing hearing strikes the stayed enhancements and declines to reduce any other part of

10

Mackey's sentence, his new sentence will be a lesser sentence than his original sentence.

The People argue it is "highly unlikely" the Legislature intended "imposed" to include "imposed and stayed" because prior prison term enhancements "generally *cannot* be stayed" and "the Legislature would not have considered the statute to provide a remedy for enhancements that were not supposed to exist." (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken."].) But as the People acknowledge, at the time the Legislature amended section 667.5, subdivision (b), the court could stay rather than strike a prior prison term enhancement in some circumstances. For example, under California Rules of Court, rule 4.447 "a court may not strike or dismiss an enhancement solely because imposition of the term is prohibited by law or exceeds limitations on the imposition of multiple enhancements." (Rule 4.447(a).) Instead, the court should "[s]tay execution of the part of the term that is prohibited or exceeds the applicable limitation." (Rule 4.447(a)(2); see *People v. Brewer* (2014) 225 Cal.App.4th 98, 103-104 [rule 4.447 authorizes the trial court to stay enhancements under section 667.5, subdivision (b), after imposing enhancements for the same prison terms under section 667.5, subdivision (a)]; *People v. Lopez* (2004) 119 Cal.App.4th 355, 364 [rule 4.447 "is intended 'to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence'"].)

11

The People contend that in *People v. Anderson* (2018) 5 Cal.5th 372, decided after *People v. Brewer*, *supra*, 225 Cal.App.4th 98 and *People v. Lopez*, *supra*, 119 Cal.App.4th 355, the Supreme Court "appears to have foreclosed the possibility of properly employing a stay" where a one-year enhancement under section 667.5, subdivision (b), and a five-year enhancement under section 667, subdivision (a)(1), are based on the same conviction. But in *Anderson*, a death penalty case, the Supreme Court did not discuss whether the trial court could have stayed execution of an enhancement under section 667.5, subdivision (b). The Supreme Court's opinion includes only a brief discussion of the section 667.5, subdivision (b), enhancement: "In addition to sentencing defendant to death, the court imposed a prison sentence for the other counts and prior convictions. The sentence included a consecutive one-year enhancement for the prior prison term. (Pen. Code, § 667.5, [former] subd. (b).) Defendant argues, and the Attorney General concedes, that, because the prison term was served for two of the convictions for which the court also enhanced the sentence, the enhancement for the prior prison term must be stricken. We agree." (*Anderson*, at p. 426.)

The Supreme Court's direction, without discussion, to the trial court in *Anderson* to strike the section 667.5, subdivision (b), enhancement does not establish the Legislature knew trial courts could not stay execution of enhancements under section 667.5, subdivision (b), and therefore did not intend section 1172.75 to apply to stayed enhancements. (See *People v. Mayberry*, *supra*, 102 Cal.App.5th at p. 676 ["Laws in existence when section 1172.75 was enacted allowed those sentence enhancements to be stayed under certain circumstances.

12

Knowing this, if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed it could have done so.  It did not."], review granted.)[3]

Nor does the legislative history reflect that the Legislature intended section 1172.75 to apply only to defendants whose enhancements were executed.  The People point to the preamble to Senate Bill No. 483, which states the Legislature intended to apply Senate Bill No. 136 retroactively to "all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements."  (Stats. 2021, ch. 728, § 1.)  But as discussed, a defendant like Mackey is currently serving a prison term that includes a stayed enhancement.  The People do not point to anything in the legislative history indicating that only an inmate currently serving a one-year enhancement is eligible for relief.  In fact, section 1172.75 applies to inmates not currently serving the one-year enhancement by differentiating between "individuals who have served their base term and any other

---

[3]    Relying on *People v. Anderson*, *supra*, 5 Cal.5th 372, the People argue in passing the stayed enhancements in this case "were not lawfully imposed" in 2014 and 2016 because the trial court should have stricken them.  But even if the trial court erred in staying execution of the enhancements, Mackey was entitled to a full resentencing under section 1172.75 because, as discussed, he is currently serving a sentence that includes enhancements under section 667.5, subdivision (b).  (See *Christianson*, *supra*, 97 Cal.App.5th at p. 317 ["Even if the sentencing court improperly stayed one or more of the section 667.5, subdivision (b) enhancements, . . . the proper remedy would be a full resentencing."], review granted.)

13

enhancement and are currently serving a sentence based on the enhancement" and "all other individuals" and giving priority to the former group but not excluding the latter group. (§ 1172.75, subd. (c).)

The People also rely on legislative history stating Senate Bill No. 483 would potentially result in "reduced state incarceration costs." (Sen. Com. on Appropriations, Analysis of Sen. Bill No. 483 (2021-2022 Reg. Sess.) May 10, 2021.) The People quote *People v. Rhodius*, *supra*, 97 Cal.App.5th 38, review granted, where the court stated, "Senate Bill 483's reference to each additional year of imprisonment costing $112,600 per person also contemplates the execution of the sentence. This cost to taxpayers would be irrelevant for defendants whose sentence was imposed and stayed." (*Id*. at p. 48.) But as discussed, even a stayed enhancement may be imposed in the future and increase a sentence. Therefore, the Legislature's statement section 1172.75 would reduce costs does not preclude extending relief under the statute to inmates whose enhancements were imposed and stayed.

## DISPOSITION

The order denying Mackey's request for resentencing is reversed. The superior court is directed to vacate its order and resentence Mackey in accordance with section 1172.75. The superior court is also directed to prepare a new and corrected abstract of judgment and send it to the Department.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

15