Filed 12/6/24  P. v. Major CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E082616 |
| v. | (Super.Ct.No. RIF1303646) |
| JAMES MARCEL MAJOR, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kristen Chenelia and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant James Marcel Major challenges the trial court's order finding he was not eligible for recall and resentencing relief under Penal Code section 1172.75.[1]  The court entered its order after verifying a one-year enhanced term for a prison prior (§ 667.5, subd. (b)) remained stayed and had not been executed in nearly 10 years since defendant's original sentencing.  We affirm the court's ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2014, defendant pled guilty to assault with a semiautomatic firearm (§ 245, subd. (b)), shooting at an occupied vehicle (§ 246), prohibited possession of a firearm (§ 29800, subd. (a)(1)), and misdemeanor resisting arrest (§ 148, subd. (a)(1)).  Defendant also admitted personal use of a firearm (§ 12022.5, subd. (a)) and to additional penalty enhancements under both sections 667 and 667.5.  Defendant's admissions included a serious felony prior conviction (§ 667, subd. (a)), a strike prior (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(e)), and having served a prior prison sentence (§ 667.5, subd. (b)).

The trial court imposed its indicated 21-year prison term.  The court stated that "[f]or the prison prior under 667.5(b) . . . defendant [is] committed . . . to state prison for one year," but noted, "I am going to stay the punishment on that . . . ."[2]

Almost 10 years later, in November 2023, defendant appeared before the court on a video call at a hearing regarding his sentence.  Our record includes scant details as to

---

[1]  All further statutory references are to the Penal Code.

[2]  Like the trial court, for brevity and ease of reference, we will generally refer to statutory subdivisions in a condensed format, e.g., sections 667.5(b), 1172.75(a), etc.

2

how the hearing arose, with no motion filed by the People or defendant before the hearing. The trial court's minute order states in pertinent part in an "Action Description" heading: "Hearing re: Recall/Resentencing [PC . . . 1172.75(a)]." (Original brackets.) The order indicates the court denied defendant relief under the statute because: "Prison Prior was imposed but stayed."

The court at the hearing explained its reasoning succinctly, "[I]f the prior was stayed, he's not serving time on that prior, therefore, there is no purpose [in] dismissing it." In denying defendant's request for a full resentencing hearing, the court summarized that, with the stay, "he's not eligible."

## DISCUSSION

Defendant contends the trial court erred in denying him recall and resentencing relief under section 1172.75. We disagree.

As a preliminary matter, we reject respondent's request to dismiss the appeal for lack of jurisdiction, citing *People v. Burgess* (2022) 86 Cal.App.5th 375 (*Burgess*). In *Burgess*, the court held that a trial court lacks jurisdiction under section 1172.75 to adjudicate a defendant's own motion for resentencing, and appellate courts lack jurisdiction over appeals from the denial of such a motion. (*Id.* at p. 382.) *People v. Cota* (2023) 97 Cal.App.5th 318 (*Cota*) explained the basis for this rule, as follows: "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [California] Department of Corrections and Rehabilitation [hereafter CDCR] identifying a defendant as a person

3

serving a sentence that includes a prior prison term enhancement.  [Citation.]"  (*Id.* at p. 332; see § 1172.75(b).)

Here, we granted defendant's request for judicial notice of materials indicating he was among Riverside County inmates listed by the CDCR in June 2022 for consideration for recall and resentencing under section 1172.75.  "'"'The right of appeal is remedial and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment."'"'  (*In re S.B.* (2009) 46 Cal.4th 529, 537; see *County of Humboldt v. Appellate Division of Superior Court* (2020) 46 Cal.App.5th 298, 310.)  As we discuss more fully *post*, section 1172.75(c) requires trial courts to consider "information" from the CDCR and county correctional administrators in determining whether recall and resentencing under the statute applies. (§ 1172.75(c).)  Because it appears the question of defendant's eligibility for recall and resentencing was initiated by the CDCR rather than defendant, we turn to the merits of his contention the trial court erred in denying him relief.

On the merits, defendant's appeal revisits the question this court and others have considered regarding whether a prior prison enhancement currently subject to a stay falls within section 1172.75's recall and resentencing procedure.  The question turns on the statute's use of the word "imposed."  (§ 1172.75(a); see, e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*) ["The only question is whether the enhancements were 'imposed' as the word is used in section 1172.75, subdivision (a)"], review granted Feb. 21, 2024, S283189.)

4

In challenging the trial court's ruling, defendant relies on cases decided since this court held that a defendant whose sentence includes a prior prison enhancement imposed under former section 667.5(b), but currently stayed, is outside the resentencing relief the Legislature intended in enacting section 1172.75. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169.) As we explain, we see no reason to depart from *Rhodius* pending the Supreme Court resolving the issue.

As in *Rhodius*, our review begins with the governing law.

Section 1172.75(a) states that "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Italics added.) The statute provides a conditional trigger for recall and resentencing, as follows: "*If* the court determines that the *current* judgment includes an enhancement described in subdivision (a)," namely, one "imposed" before 2020, but not for a sexually violent offense, "the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c), italics added.) The statutory scheme states the Legislature intended that resentencing undertaken "pursuant to this section shall result in *a lesser sentence* than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1), italics added.)

We interpret statutes de novo. The goal is to "'ascertain the Legislature's intent in order to effectuate the law's purpose.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118,

5

1125 (*Gonzalez*).) "We begin with the statutory language, viewed in light of the entire legislative scheme of which it is a part, as the language chosen is usually the surest guide to legislative intent." (*Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661, 670; see *In re Corrine W.* (2009) 45 Cal.4th 522, 529.) We interpret terms used by the Legislature in context, "'giv[ing] them their usual and ordinary meaning.'" (*Gonzalez*, at p. 1126.) "If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy. [Citation.]" (*Ibid*.)

The first appellate court to consider the meaning of "imposed" in section 1172.75 quoted our Supreme Court's discussion of the word in *Gonzalez*, but only partially. (*People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*).) *Gonzalez* addressed the Legislature's use of "imposed" in amendments to section 12022.53 regarding imposition of firearm enhancements. *Renteria* relied on *Gonzalez*'s observation that, by definition, "'the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*."'" (*Renteria*, at p. 1282, quoting *Gonzalez*, *supra*, 43 Cal.4th at p. 1125.) *Renteria* concluded that, "as a consequence" of section 1172.75 using the word "imposed," the statute's recall and resentencing procedure applies to all sentences in which a section 667.5(b) prior prison was imposed—regardless of whether the enhanced penalty was executed or stayed. (*Renteria*, at pp. 1282-1283.)

It appears neither party in *Renteria* raised *Gonzalez*'s express caveat that, in common practice, a usual and ordinary meaning of "imposed" is that it "often" refers to sentences that are actually executed, not those that are stayed. (*Gonzalez*, *supra*,

6

43 Cal.4th at p. 1125.)  *Renteria* did not address this distinction, nor that *Gonzalez* itself exemplified a statutory use case of "impose" and "imposed" requiring execution of the sentence, rather than imposition and a stay.  (*Gonzalez*, at p. 1126 ["impose" and "imposed" as used in § 12022.53(f) meant "impose and then *execute*, as opposed to impose and then *stay*"].)  Neither party in *Renteria* sought review.

Next, after the Sixth District's decision in *Renteria*, this court considered the issue. We concluded that when read "as a whole" and harmonizing the statute's several provisions, including implementation instructions to the CDCR and to sentencing courts, the Legislature intended "imposed" in section 1172.75 "as meaning 'imposed and executed.'"  (*Rhodius*, *supra*, 97 Cal.App.5th at p. 45.)

Subsequently, our Fourth District colleagues in Division One took up the issue in *Christianson*.  Acknowledging *Gonzalez*, *Christianson* recognized section 1172.75's use of imposed "is at least somewhat ambiguous."  (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.)  To aid in discerning the term's statutory meaning, the court looked to the steps set out in section 1172.75 preceding recall and resentencing.  (See, e.g., *Cota*, *supra*, 97 Cal.App.5th at p. 332 [recall and resentencing "process . . . triggered by" the CDCR].)

In brief, section 1172.75 requires the CDCR first to identify all inmates "currently serving a term for a judgment that includes an enhancement described in subdivision (a)," after which, "[u]pon receiving th[is] information" from the CDCR, "the sentencing court that imposed the enhancement" then "shall review the judgment and verify that *the*

*current judgment* includes a sentencing enhancement described in subdivision (a)." (§ 1172.75(b) & (c), italics added.)

*Christianson* focused on the word "verify" in the foregoing language. Specifically: "[T]he use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed)." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Whether that is an "additional requirement," however, is the crux of the issue.

*Christianson* assumed so because, as the court noted, "[a] judgment may include a sentence that has been imposed but suspended or stayed. [Citations.]" (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.) On this basis, the court concluded that the Legislature's use of "imposed" in section 1172.75 as a condition for proceeding toward resentencing is satisfied—first for the CDCR and subsequently for the verifying court—if a prison prior "enhancement [is] included in the abstract of judgment, regardless of whether it is imposed or stayed." (*Id.* at p. 312.) Like in *Renteria*, however, this analysis in essence no more than restates *Gonzalez*'s recognition that an "imposed" enhancement *can* mean one "imposed and then stayed" as much as one "imposed and executed."

As explained in *Rhodius*, however, we think the Legislature intended in section 1172.75 the practical, frequent meaning *Gonzalez* identified for "imposed," namely that a sentence was imposed "and then *execute[d]*, as opposed to imposed and

8

then *stay[ed]*." Under this interpretation, resentencing under section 1172.75 is reserved for when a section 667.5(b) penalty enhancement has been executed.

*Rhodius* drew support for this interpretation from the statutory language requiring that resentencing under section 1172.75(d)(1) must "result in a lesser sentence" and in the accompanying legislative history. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 44 & 45-48.) In particular, we found section 1172.75(d)(1)'s "*requirement* that the resentencing shall result in a *lesser* sentence than the one originally imposed" (italics added) to mean that the Legislature intended recall and resentencing to be available when, and only when, "the repealed enhancement increased the length of the sentence." (*Rhodius*, at p. 44.) In other words: "The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Ibid.*)

Our sister courts disagreeing with *Rhodius* have largely done so reasoning that recall and resentencing to strike stayed enhancements results in a "lesser" sentence in a certain sense. "Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312 [citing *People v. Brewer* (2014) 225 Cal.App.4th 98, 104, regarding a stay "'preserv[ing] the possibility of [later] imposition'"]; see *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674-675

9

[relying on *Christianson*], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270 [same], review granted Mar. 12, 2024, S283547.)

In our view, the statutory language requiring a lesser sentence is better reconciled with an actual reduction in "time served" as the enactment's goal, as reflected throughout section 1172.75's legislative history. (See *Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48 [identifying numerous such instances].) We summarized that history as follows: "The findings, costs, and ramifications of Senate Bill 136 and Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5(b). The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5(b) prior. As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Rhodius*, at pp. 48-49.)

The post-*Rhodius* cases noted *ante* do not address this extensive history, which we continue to find persuasive. (See *Rhodius*, *supra*, 97 Cal.App.5th at p. 47 [the foregoing history reflects "a clear presupposition by the Legislature of an imposed and executed sentence"].)

Moreover, we think the purpose of a stay being to "preserve the possibility of [later] imposition," as identified in *Christianson* and *Brewer*, better fits with section 1172.75 applying to executed section 667.5(b) terms—not to stayed ones. The

10

Legislature directed courts in section 1172.75(c) to look to the "current judgment" to determine whether a defendant is eligible for resentencing. Specifying the "current" judgment is odd: one would expect a court considering resentencing to look, without this prodding, to the defendant's current judgment, not a superseded one. Emphasis on the current judgment may reflect that the Legislature was attuned to the possibility of a stay in a defendant's original judgment and only intended resentencing to apply in such cases if the section 667.5(b) term was later executed in the current judgment. There would be no need to specify the *current* judgment if a stayed prior prison term in the defendant's original judgment triggered resentencing regardless of whether it was later executed or remained stayed.

For all the foregoing reasons, we continue to adhere to *Rhodius*.

## DISPOSITION

We affirm the trial court's ruling denying defendant a resentencing hearing under section 1172.75; the court's ruling was correct because the prison prior enhancement imposed under section 667.5(b) at his original sentencing has never been executed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

I concur:

MILLER
J.

11

[*People v. Major*, E082616]

MENETREZ, J., dissenting:

I am persuaded by the analysis in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, and similar cases. I consequently disagree with the approach taken by *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169. Because review is pending in all of the relevant cases, they have "no binding or precedential effect, and may be cited for potentially persuasive value only." (Cal. Rules of Court, rule 8.1115(e)(1).) Because I agree with *Christianson* and similar cases, I would reverse and remand for resentencing under Penal Code section 1172.75, subdivision (d).

MENETREZ
J.

1