Filed 3/17/25  P. v. Tranum CA4/2

*See dissenting opinion.*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

LARRY DEAN TRANUM,

    Defendant and Appellant.

E082901

(Super.Ct.No. INF1700752)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Larry Dean Tranum appeals from the trial court's order finding him ineligible for recall of his prison sentence and resentencing under Penal Code section 1172.75.[1] The court found defendant ineligible because his original sentencing court struck all punishment on the three prison priors (§ 667.5, subd. (b)) defendant admitted in his plea agreement. Defendant disagrees that the absence of any punishment or risk of punishment on the priors made him ineligible for resentencing. We affirm the trial court's order.

## BACKGROUND

In January 2018, defendant pled guilty to first degree burglary (Pen. Code, § 459) and a misdemeanor charge of possessing an opium pipe (Health & Saf. Code, § 11364). He admitted two prior convictions that qualified both as serious felonies (Pen. Code, § 667, subd. (a)) and prior strikes (Pen. Code, § 667, subd. (b)(1)). He also admitted three prison prior convictions (Pen. Code, § 667.5, subd. (b). The court granted defendant's motion to strike one of the prior strikes, but "only for the purposes of the [T]hree [S]trikes sentencing law," leaving the admission intact "for all other sentencing purposes, including the [Penal Code section] 667[ subdivision ](a) prior, which is going to be imposed." The court sentenced defendant to an aggregate term of 18 years in prison. In doing so, the court imposed but immediately struck one-year enhancement terms for each of defendant's three prison priors.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In December 2023, the trial court reviewed defendant's eligibility for recall and resentencing under section 1172.75. The court noted on the record that it considered the following recently decided cases: *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), rev. granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), rev. granted Feb. 21, 2024, S283189, *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), rev. granted Feb. 21, 2024, S283169; and *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*).

In finding defendant fell outside the statute's resentencing provisions, the court observed, in reviewing defendant's court records, including the original sentencing proceedings: "[It] was always [the case] that—the punishment [on his three prior prison enhancements] was always struck. I do not believe that it was stayed in the manner that is contemplated by the diversity of opinions in *Rhodius*, *Christianson*, *Renteria*, and *Saldana*. So for that reason, he's not entitled, as a matter of law, to relief . . . [under section] 1172.75."

## DISCUSSION

Defendant argues that section 1172.75 applies to defendants whose punishment was struck on a prior prison term enhancement. We disagree.

At the time of defendant's conviction and sentencing, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Subsequently, section 1172.75 now provides, with an exception

3

that is not applicable here: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a).[2])

Section 1172.75 further provides, as pertinent here, for recall and resentencing if the superior court in which the defendant was sentenced "determines that the [defendant's] current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c); see *id.*, subd. (b) [specifying sentencing court as recall and resentencing venue].) Additionally, the statute specifies that for defendants eligible for recall and resentencing, their resentencing "shall result in," "*as a result of the elimination of the repealed enhancement*," "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1), italics added.[3])

The issue presented in this case—whether section 1172.75 applies to prior prison enhancement terms that were imposed but for which the punishment was struck—is closely related, but not identical to, an issue currently dividing our appellate courts, namely, whether section 1172.75 applies to prior prison term enhancements that were

---

[2]  The exception specifies that only prior prison enhancements "for a prior conviction for a sexually violent offense" remain valid. (§ 1172.75, subd. (a).)

[3]  This subdivision, without our italics, quotation marks, and ellipses inserted for clarity, provides in full: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

imposed but stayed.  (Compare *Rhodius*, *supra*, 97 Cal.App.5th 38 [Legislature did not intend stayed prison prior enhancements to trigger recall and resentencing] with *Christianson* (2023) 97 Cal.App.5th 300 [finding a stay no obstacle to resentencing]; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*) [following *Christianson*], rev. granted Aug. 14, 2024, S285853; *Saldana*, *supra*, 97 Cal.App.5th 1270 [same]; see also *Renteria*, *supra*, 96 Cal.App.5th 1276 [predating *Rhodius* and *Christianson*, same result as latter; no discussion of § 1172.75, subd. (d)(1)].)

To briefly review those decisions, *Rhodius* held that "imposed" in subdivision (a) of section 1172.75 must be interpreted as shorthand for "imposed and executed" to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a *lesser* sentence than the one originally imposed *as a result of* the elimination of the repealed enhancement."  (*Rhodius*, *supra*, 97 Cal.App.5th 38 at p. 43, italics added; see *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 [recognizing "the word 'impose' " refers "often" to "enhancements that are 'imposed and then *executed*' "].)  Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed," *Rhodius* concluded that applying section 1172.75 to a stayed prior prison term would require a resentencing court to "arbitrarily lower" the defendant's sentence in a way unrelated to the enhancement in order to comply with the statute's "lesser sentence" requirement.  (*Rhodius*, at p. 44.)  Because the Legislature presumably did not intend to compel an arbitrary reduction to meet this requirement if no prerequisite sentence decrease resulted from elimination of

the repealed enhancement(s), *Rhodius* held section 1172.75 must be interpreted to apply only to prior prison enhanced terms that were imposed and executed. (*Rhodius*, at p. 44.)

Other appellate panels have held, as noted above, that section 1172.75 applies to prior prison term enhancements that were imposed but stayed. In brief, *Christianson*, *Saldana*, and *Mayberry* parted company with *Rhodius* because they viewed striking a stayed enhancement upon resentencing as resulting in a "lesser" sentence in compliance with section 1172.75, subdivision (d)(1). As *Christianson* explained, this view is grounded in a stayed enhancement's "potential for an increased sentence" because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Under this interpretation, striking a stayed enhancement reduces the defendant's sentence because it eliminates the risk that the enhancement will be executed in the future. (*Ibid*.; see also *Saldana*, at p. 1278; *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)

This interpretation does not aid defendant. An enhancement for which the punishment was struck, as here, is materially distinguishable from an enhancement that was imposed but stayed. As discussed generally in *Christianson*, a stay would have been a sound option for defendant's original sentencing court because two of his prison priors rested on the same prior convictions as two of his nickel priors. (See *Christianson*, *supra*, 97 Cal.App.5th at p. 312, citing *People v. Brewer* (2014) 225 Cal.App.4th 98, 104,

6

106.)  But defendant's sentencing court chose to strike punishment on those prison priors, as well as on defendant's third prison prior.  In doing so, the court imposed a sentence that did not expose defendant to a risk of increased punishment from any of his prison priors, unlike a stay in which the court provides for execution of those priors if others are later invalidated—which was the risk underpinning *Christianson*'s conclusion that section 1172.75 applies to stayed enhancements.

Without that risk, purporting to resentence defendant pursuant to subdivision (d) of section 1172.75 would violate the statute's express provisions, contrary to both *Rhodius* and *Christianson*.  Contrary to *Rhodius*, with punishment on defendant's prison priors already stricken at sentencing, the trial court would have to arbitrarily lower his sentence in some other manner to comply with the statute's "lesser sentence" requirement. (§ 1172.75, subd. (d)(1).)  This, however, would violate the statute's directive that, at a minimum, a "lesser sentence than the one originally imposed" must occur "*as a result of the elimination of the repealed enhancement.*"  (*Ibid*., italics added.)  That cannot happen here even in the risk-avoiding sense *Christianson* contemplated, given that defendant's sentencing court struck rather than stayed punishment on his prison priors.  Thus, whether viewed through the lens of *Rhodius* or *Christianson*, defendant's sentence was not within the parameters the Legislature set for resentencing in enacting section 1172.75.

After the parties filed their briefs in this case, a divided panel of another court published an opinion agreeing with defendant's position.  (*People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted Oct. 23, 2024, S286987.)  The majority in *Espino* saw no reason to distinguish between prison prior enhancements that were

7

imposed but stayed and those that were imposed but the punishment struck.  (*Id.* at p. 193 ["section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck"].)

The dissent in *Espino*, however, found the "additive character of the term of imprisonment . . . integral to imposition of a sentence enhancement," such that "when the law otherwise prescribes an additional term of imprisonment, a trial court that elects to strike that additional term of imprisonment has not imposed it—not even conditionally, as would be the case when a court elects to stay the additional term."  (*Espino*, *supra*, 104 Cal.App.5th at p. 203 (dis. opn. of Lie, J.).)  The dissent also echoes *Rhodius*'s concern that the Legislature presumably did not intend to force resentencing courts to arbitrarily lower sentences, noting that "eliminating an enhancement for which the court had already stricken the punishment" does not, by itself, result in a lesser sentence. (*Espino*, at p. 203, fn. 2 (dis. opn. of Lie, J.).)  The majority opinion does not address these issues, which contravene both *Rhodius*'s and *Christianson*'s analyses of section 1172.75.  On balance, we find the *Espino* dissent more persuasive than the majority opinion.

For all of these reasons, we conclude section 1172.75 does not apply where punishment was stricken on each of defendant's prior prison term enhancements, and he therefore is not entitled to resentencing under subdivision (d) of the statute.

**DISPOSITION**

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

I concur:

CODRINGTON
J.

[*People v. Tranum*, E082901]

FIELDS J., Dissenting.

I respectfully dissent to the holding in the majority opinion that defendant is not entitled to a full resentencing pursuant to Penal Code section 1172.75. The majority opinion follows this court's opinion in *People v. Rhodius* (2023) 97 Cal. App.5th 38, which held that where a trial court imposes a one-year sentence on a section 667.5, subdivision (b) prison prior, but stays the punishment, a defendant is not entitled to a full resentencing under section 1172.75, subdivision (a).

In my view, the defendant is entitled to a full resentencing pursuant to section 1172.72, subdivisions (a)-(c). The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.)

The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [Recall and resentencing is available when prison prior enhancement is imposed and stayed.]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same] with *People v. Rhodius*, *supra*, 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169

1

[Recall and resentencing is only available when prison prior enhancement is imposed and executed.].)

I generally agree with the *Christianson* decision, which in my view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 311-315.) Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing.

The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then stayed. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.)

Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word " 'imposed,' " as used in section 1172.75, to be limited to enhancements that were imposed and executed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed.

2

[Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that "[t]he sentencing court must then '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, at p. 312.)

3

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid*.) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*.)

I note that I respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid*.; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) I disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually

4

violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such a prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a), (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and shall consider any "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

At the original sentencing in the instant case, the sentencing court sentenced defendant to one-year punishment on each of his three prior prison enhancements but

struck the punishment. Accordingly, the enhancements were part of the sentence and were included in the abstract of judgment.

The CDCR presumably identified defendant as eligible for relief because the enhancements were included in the abstract of judgment. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312 ["[A]ll that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment . . . ."].)[4]

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to " 'result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement,' " combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 42-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and

---

[4]  Notably, since the filing of *Christianson*, the Sixth Appellate District has published an opinion agreeing with *Christianson* and further concluding that section 1172.75 "applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194 (*Espino*), review granted Oct. 23, 2024, S286987.)

6

executed.  If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

Although *Rhodius* was thoughtfully decided, I respectfully disagree with it. Rather, I agree with *Christianson*'s conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed."  Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a).  If that interpretation is correct, then the prison prior convictions in that case would not be legally invalid, and the trial court in *Rhodius* should not have struck them.[5]  Yet, the trial court in *Rhodius* did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action.  In my view, section 1172.75 either applies or does not apply.  The authority to strike the prior convictions comes only where section 1172.75 applies.

Finally, a  careful review of the statute reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*.  I agree with the court in *Espino*, *supra*, 104 Cal. App. 5th at p. 198, that under the rule of lenity,

---

[5]  This assumes the judgment was final as of January 1, 2020, as SB 136 on its own is not retroactive to final judgments.

7

where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, I conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)). I would reverse the denial order and remand to the trial court for a full resentencing hearing pursuant to section 1172.75, subdivisions (c) and (d).

FIELDS
J.