Filed 5/9/25  P. v. Renteria CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE LUIS RENTERIA,<br><br>    Defendant and Appellant. | F086378<br><br>(Super. Ct. No. VCF038881C-97)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

William Safford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Ismah Ahmad, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Jose Luis Renteria appeals from a May 19, 2023 order of the Tulare County Superior Court finding him ineligible for resentencing under Penal Code[1] section 1172.75 (formerly § 1171.1). The court adopted the position the statute did not cover section 667.5, former subdivision (b) enhancements[2] that were stayed. We conclude, as we did in *People v. Mayberry* (2024) 102 Cal.App.5th 665, 668, review granted August 14, 2024, S285853 (*Mayberry*), that section 1172.75 applies to prior prison term enhancements that have been imposed and stayed. We reverse and remand for the trial court to recall defendant's sentence and resentence him in compliance with section 1172.75.

## BACKGROUND

### I. Defendant's crimes and sentencing[3]

In an amended information filed March 17, 1997, defendant was charged with three counts of robbery (§ 211 [counts 1–3]). As to all counts, the information alleged he personally used a deadly or dangerous weapon (§ 12022, subd. (b)); was previously convicted of robbery, which qualified as a strike under the Three Strikes law (§ 1170.12, subd. (c)(1)) and a serious felony (§ 667, subd. (a)); and served a prison term following the earlier conviction (§ 667.5, former subd. (b)). On March 31, 1997, defendant pled guilty to the count 1 charge and no contest to the remaining charges and special allegations. The sentencing court imposed a 15-year prison term: (1) the middle term of three years doubled to six years plus five years for the prior serious felony enhancement

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] Section 667.5, former subdivision (b) allowed the sentence enhancement "for each prior separate prison term served for any felony . . . ." (Stats. 1997, ch. 371, § 1, p. 2538.) Therefore, in this opinion, we may refer to an enhancement under the former and current statute as a prior prison term enhancement.

[3] Because the facts underlying defendant's convictions are irrelevant to the issues raised on appeal, we dispense with a statement of facts.

on count 1; (2) a consecutive one-third the middle term of one year doubled to two years on count 2; and (3) a consecutive one-third the middle term of one year doubled to two years on count 3. The court stayed—among other things—the prior prison term enhancements.

Additionally, the record indicates defendant "is also serving a life term for a 2001 homicide conviction."

## II.     Intervening changes in the law

Before 2020, section 667.5, former subdivision (b) provided in part:

> "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony . . . ."

In 2019, the Legislature enacted Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended the foregoing language. (*Mayberry*, *supra*, 102 Cal.App.5th at p. 669, rev. granted.) This revision became effective January 1, 2020. (*Ibid.*) Section 667.5, subdivision (b) now reads in part:

> "[I]f the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term *for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . .*" (Italics added.)[4]

Robbery—the crime underlying defendant's stayed prior prison term enhancements— does not constitute a sexually violent offense under Welfare and Institutions Code section 6600, subdivision (b).

---

[4] The current language of section 667.5, subdivision (b) is functionally identical to that of Senate Bill No. 136's amendment. (Compare Stats. 2021, ch. 626, § 28 with Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483) (*Mayberry*, *supra*, 102 Cal.App.5th at p. 669, rev. granted), the purpose of which was "to retroactively apply . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for the[] repealed sentence enhancements" (Stats. 2021, ch. 728, § 1). Senate Bill No. 483 added former section 1171.1 (Stats. 2021, ch. 728, § 3), which became effective January 1, 2022 (*Mayberry*, *supra*, at p. 669). " 'Effective June 30, 2022, the Legislature renumbered section 1171.1 to 1172.75' without any substantive changes. [Citation.]" (*Ibid.*) Section 1172.75 reads in part:

> "(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.

> "(b) The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement. This information shall be provided as follows:

> "(1) By March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. For purposes of this paragraph, all other enhancements shall be considered to have been served first.

> "(2) By July 1, 2022, for all other individuals.

> "(c) Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and

4.

resentence the defendant.[5]  The review and resentencing shall be completed as follows:

> "(1) By October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement.

> "(2) By December 31, 2023, for all other individuals.

> "(d)(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

> "(2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

> "(3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

## III.    Defendant's request for resentencing

Defendant was identified by the Department of Corrections and Rehabilitation (CDCR) as an inmate serving a term for a judgment that included a prior prison term enhancement and the trial court had until December 31, 2023, to address the matter.  In

---

**5** On appeal, the Attorney General asserts subdivision (c) of section 1172.75 "directs the trial court to 'review the judgment and verify that the current judgment' includes such a sentencing enhancement where the inmate is 'currently serving a sentence based on the enhancement.' "  The Attorney General has conflated the subdivisions.  The "currently serving" language is found not in subdivisions (a) or (c) but in subdivision (b), which applies to the Secretary of the Department of Corrections and Rehabilitation rather than the court.

early March 2023, the court appointed defense counsel.  A hearing was originally scheduled for March 16, 2023, but ultimately continued to May 19, 2023.  Meanwhile, defense counsel filed a brief.  On May 19, 2023, following the hearing, the court found defendant ineligible for resentencing.  It reasoned:

> "If I recall, the People had taken the position that folks with stayed or stricken prison priors don't qualify for relief 'cause the code says imposed.  [¶] . . . [¶]  . . . I think that's just the most straightforward, simplest reading of the statute.  It says people are eligible for relief when they had prison priors imposed.  This person did not have any priors imposed. . . .  [¶] . . . [¶]  . . . I'm finding he's not eligible for any relief under [section] 1172.75 because there were no prison priors imposed."

## DISCUSSION

On appeal, defendant contends the plain language of section 1172.75 required the trial court to "recall his sentence and conduct a full resentencing," but the court "misinterpreted the statute," "drew a distinction between a 'sentence enhancement that was imposed,' " "versus one which was imposed but stayed," and "denied relief on this basis."  The Attorney General counters section 1172.75 "must be interpreted to apply only to cases where the invalid[] prison prior was imposed and executed, and not where the invalid prison prior was imposed and stayed."

## I.       Standard of review

" 'The proper interpretation of a statute is a question of law we review de novo.' [Citation.]  'The court's role in construing a statute is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citations.]  In determining the Legislature's intent, a court looks first to the words of the statute.  [Citation.]  "[I]t is the language of the statute itself that has successfully braved the legislative gauntlet." [Citation.]' [Citation.]  'We must look to the statute's words and give them their usual and ordinary meaning.' [Citation.]  'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' [Citation.]" (*Mayberry*, *supra*, 102 Cal.App.5th at p. 672, rev. granted.)

6.

## II.   Analysis

"  'In general, "  'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " [Citation.]  However, there are many important exceptions to this general rule.' [Citation.]  Section 1172.75 is one of these exceptions.  [Citation.]"  (*Mayberry*, *supra*, 102 Cal.App.5th at p. 672, rev. granted.)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement *imposed* for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (Italics added.)  Section 1172.75, subdivision (d)(1) states in relevant part: "Resentencing pursuant to this section *shall result in a lesser sentence than the one originally imposed* as a result of the elimination of the repealed enhancement . . . ." (Italics added.)

The Attorney General believes the statutory language necessitates an interpretation of "imposed" that confines the statute's scope to prior prison term enhancements that are imposed and executed because "eliminating the repealed 'stayed' prison prior enhancements would do nothing to decrease the sentence originally imposed on [a defendant]."  He asks us to follow *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*).  In that case, the defendant pled guilty and admitted two prior prison term enhancements.  The sentencing court imposed one year for each enhancement and then stayed the punishment.  (*Id*. at p. 41.)  At a later hearing held under section 1172.75, the trial court vacated the sentence on the two prior prison term enhancements and ordered them stricken but otherwise denied full resentencing.  (*Rhodius*, at pp. 41–42.)  On appeal, the defendant and the Attorney General presented arguments analogous to those presented in the instant case.  (*Ibid*.) Division Two of the Fourth District Court of Appeal concluded—in view of section

7.

1172.75, subdivision (d)(1)'s language and the legislative history behind the enactment of Senate Bills Nos. 136 and 483—section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 43–49.)

As we stated in *Mayberry*, we disagree with *Rhodius*'s ultimate conclusion "that section 1172.75 does not invalidate prior prison term enhancements that were imposed and stayed." (*Mayberry*, *supra*, 102 Cal.App.5th at p. 674, rev. granted.)

First, we reject the premise that stayed prior prison term enhancements have no impact on a defendant's sentence. "Imposed-but-stayed prior prison term enhancements carry the possibility of execution." (*Mayberry*, *supra*, 102 Cal.App.5th at p. 674, rev. granted.) "If 'imposed' in subdivision (a) of section 1172.75 is read to include stayed prior prison term enhancements, then striking them now as invalid eliminates their impact from the 'originally imposed' sentence referred to in section 1172.75, subdivision (d)(1) resulting in a 'lesser sentence than the one originally imposed.' [Citations.]" (*Id*. at pp. 674–675.)

Second, "the Legislature is presumed to be aware of all laws in existence when it passes or amends a statute." (*Mayberry*, *supra*, 102 Cal.App.5th at p. 675, rev. granted.) Laws in existence at the time section 1172.75 was enacted allowed prior prison term enhancements to be stayed under certain circumstances. (*Mayberry*, at p. 676; see *id.* at pp. 675–676, citing *People v. Brewer* (2014) 225 Cal.App.4th 98, 101–105.) "Knowing this, if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed it could have done so. It did not." (*Mayberry*, *supra*, at p. 676.)

We reject the Attorney General's claim *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*) "leads to the conclusion that the Legislature . . . used the term 'imposed' as shorthand for 'imposed and executed.' "

As we reasoned in *Mayberry*, our Supreme Court, in *Gonzalez*, examined a different statutory scheme, i.e., firearm enhancements under sections 12022.53 and

8.

12022.5, to determine the breadth of the term "impose" used in those statutes. (*Gonzalez, supra*, 43 Cal.4th at pp. 1123–1125.) In its analysis, it discussed the effect of staying an enhancement. It noted the legislative history behind that statutory scheme disclosed an intent that felons who use firearms in the commission of their crimes remain in prison for the longest time possible. (*Id*. at p. 1129.) The jury found true the firearm enhancements of subdivisions (b), (c), and (d) of section 12022.53 and the firearm enhancement in section 12022.5, former subdivision (a)(1). (*Gonzalez*, at p. 1123.) Section 12022.53 subdivision (f) allowed only one additional term of imprisonment to be imposed and required that it be the enhancement under section 12022.53 that provided the longest term of imprisonment. The enhancement under section 12022.5 was not to be imposed in addition to the enhancement imposed under section 12022.53. (*Gonzalez*, at p. 1125.) In answering the question of whether the firearm enhancements, other than the enhancement with the longest term of imprisonment, should be stricken or stayed, our Supreme Court found "staying rather than striking the prohibited firearm enhancements serves the legislative goals of section 12022.53 . . . ." (*Id.* at p. 1129.) This is because staying them made them "*readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal . . . ." (*Ibid.*)

Section 1172.75 applies to prior prison term enhancements that were imposed and stayed.

Defendant was identified by the CDCR as a person in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a) [of section 1172.75]" (§ 1172.75, subd. (b)), i.e., an enhancement "that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5" (§ 1172.75, subd. (a)). He was thus entitled to—but did not receive—a recall of his sentence and resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration

9.

(§ 1172.75, subd. (d)(3)).  (Accord, *Mayberry*, *supra*, 102 Cal.App.5th at p. 676, rev. granted.)  To correct this error, we remand for a full resentencing hearing.

## DISPOSITION

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is reversed.  The matter is remanded to the trial court with instructions to recall defendant's sentence and resentence him in compliance with the statute.